## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

IN RE:

| | |
|---|---|
| INVESTORS CAPITAL PARTNERS II, LP | CASE NO. 12-11675 |
| INVESTORS CAPITAL PARTNERS I, LP | CASE NO. 12-11676 |
| INVESTORS LAND PARTNERS II, LP | CASE NO. 12-11677 |
| INVESTORS TOWNE CENTER PARTNERS I, LP | CASE NO. 13-10004 |
| | CHAPTER 11 |

DEBTORS

---

## MEMORANDUM-OPINION

This matter is before the Court on the Motions to Dismiss for Improper Venue filed by Creditor Capital Bank, N.A. ("Capital Bank") and Creditor PBI Bank, Inc. ("PBI") (collectively referred to as "the Banks"). The Court considered the Banks' Motions, the Response of Debtors Investors Capital Partners II, LP, Investors Capital Partners I, LP, Investors Land Partners II, LP, and Investors Towne Center Partners I, LP ("Debtors"), the evidence submitted at the hearing held on the matters and the post-hearing briefs of the parties. For the following reasons, the Court will **GRANT** the Motions in part and **DENY** the Motions in part. An Order transferring Case No. 12-11676, Case No. 12-11677 and Case No. 13-10004 to the United States Bankruptcy Court for the Middle District of Tennessee accompanies this Memorandum-Opinion.

# FACTS

On December 19, 2012, Debtors Investors Capital Partners II, LP ("Inv. Cap. II"), Case No. 12-11675, Investors Capital Partners I, LP ("Inv. Cap. I"), Case No. 12-11676 and Investors Land Partners II, LP ("Inv. Land II"), Case No. 12-11677 filed Voluntary Petitions under Chapter 11 of the United States Bankruptcy Code with this Court.  On January 2, 2013, Debtor Investors Towne Center Partners I, LP ("Towne Center I"), Case No. 13-10004, filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code with this Court.

Debtor Inv. Cap. II, is a Tennessee limited partnership with its principal assets in Barren County, Kentucky.  It is undisputed by all parties that venue for that case is proper in this Court.

Debtor Inv. Cap. I and Debtor Towne Center I, are Tennessee limited partnerships with their principal assets in Tennessee.   Debtor Inv. Land II is a Delaware limited partnership with its principal assets in Tennessee.   None of these Debtors have ever registered to do business in Kentucky, nor do they have assets in Kentucky.

Capital Bank is a secured creditor of Inv. Cap. I.

PBI is a secured creditor of Inv. Land II.

The Banks contend that the Inv. Land II, Inv. Cap. I and Towne Center cases should be dismissed or transferred to the Middle District of Tennessee for improper venue.  The

Debtors in these cases contend venue is proper in this Court pursuant to 28 U.S.C. §1408 and 1409.

An Organizational Chart of the Investor Companies was submitted showing the structure of the companies.  See, Exhibit A to Debtors' Response and Objection to Motions to Dismiss for Improper Venue.  Each of the Debtor companies are limited partnerships.

The general partner of Debtor Inv. Land II is Investors Land Fund Services II, LLC, which is owned 100% by Investors Equity Partners I, LLC.

The general partner of Debtor Inv. Cap. I is Investors Capital Fund Services I, LLC. The general partner of Debtor Inv. Cap. II is Investors Capital Fund Services II, LLC.  The general partner of Debtor Towne Center is Investors Towne Center Fund Services I, LLC. Investors Equity Partners II, LLC is the 100% owner of the three general partners, Fund Services I, Fund Services II and Towne Center Fund Services I.

At the top of the Organizational Chart is Investors Equity Holdings, LLC which owns 76% of Investors Equity Partners I, LLC and Investors Equity Partners II, LLC.  James E. Himelrick is the Chairman and President of Investors Equity Holdings, LLC.  He is also a 45% owner of Investors Equity Holdings, LLC, along with Robert Pierce who owns 44.1% and Robert Keith who owns 10%.

## **LEGAL ANALYSIS**

The statute governing venue of cases under Title 11 is 28 U.S.C. §1408. Under Subsection 1, a case may be commenced in the district court for the district in which the "principal assets" of the entity had been located for the 180 days immediately preceding the filing. Debtor Inv. Cap. II, LP, Case No. 12-11675 meets this test. No party disputes that venue for that case is proper in this Court.

Debtors in the three remaining limited partnership cases contend venue for their cases is proper in this Court based on Subsection (2) of 28 U.S.C. §1408, which provides that a case may be commenced in the district "in which there is a pending case under Title 11 concerning such person's affiliate, general partner or partnership." The parties dispute whether the three Debtors are "affiliates" of Debtor Inv. Cap. II, LP.

The term "affiliate" is defined by the Bankruptcy Code at 11 U.S.C. §101(2). This statute sets up three basic structures under which related entities shall be considered "affiliates". The Debtors contend they meet the requirement of the third structure which reflects a "horizontal relationship between a debtor and another entity which share a common parent or (a parent-like) entity, which accordingly justifies treating the debtor and its sibling entity as affiliates." In re Reichman Petroleum Corp., 364 B.R. 916, 920 (Bankr. E.D. Tex. 2007). Debtors claim they meet the requirements of §101(2)(B) which defines an "affiliate" as

. . .

B) A corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, . . .

Debtors contend they are affiliates because there is an entity that directly or indirectly owns, controls or holds with power to vote, 20% or more of the outstanding voting securities of the Debtor.

At the hearing on the pending Motions, James Himelrick testified about the structure and relationship of the Debtors and the related entities.  His testimony established that the general partners of the Debtor limited partnerships do not own, control or have power to vote 20% or more of the outstanding voting securities of the Debtor Inv. Cap II.  The general partnerships interests are not voting "securities" as defined by the Code.  While 11 U.S.C. §101(49)(xiii) defines the term "security" to include "the interest of a limited partner in a limited partnership," it does not include the general partnership interest.  See, In re Maruki USA Co., Inc., 97 B.R. 166 (Bankr. S.D. N.Y. 1988).  In Maruki, the court discussed whether a limited partnership ought to be considered to have voting securities for purposes of the definition of "affiliate".  The court stated:

Congress clearly understood the difference between corporations, unincorporated associations and limited partnerships when it drafted the Code. . . .

-5-

it specifically defined 'corporation' to exclude a limited partnership. Had Congress meant to include within Section 101(2)(A) a limited partnership, it would not have used the words 'outstanding voting securities of the debtor.' Since a limited partnership has no voting securities, it would be inappropriate to expand Section 101(2)(A) beyond its plain meaning to embrace that type of entity.

Since the general partnerships do not hold 20% or more of the Debtors' limited partnership interest, they are not affiliates as defined by the Bankruptcy Code under 11 U.S.C. §101(2)(A).

Additionally, the Court agrees with the Banks that in order for the Debtors to be affiliates under the horizontal test of 11 U.S.C. §101(2)(B), the affiliate must be a "corporation." The Bankruptcy Code specifically excludes limited partnerships from the definition of corporation under 11 U.S.C. §101(9)(B). See also, In re Maruki, 97 B.R. at 169. Since none of the Debtors' limited partnerships are "corporations", they cannot avail themselves of 11 U.S.C. §101(2)(B).

Debtors contend that this Court should view the Debtors' limited partnerships and their respective general partnerships as the same entity for venue purposes. Debtors had James Himelrick testify as to the common management of the Debtors because he designed the organizational structure and provides the day to day management of the entities. Under such a view, the general partnerships, as limited liability corporations, would fall within the definition of "corporation" under the Code. According to Debtors, since the general partners control the limited partnerships and the general partnerships are

controlled by a common entity, Investors Equity Holdings, LLC, they should be treated as affiliates for venue purposes.

In order to reach this result, the Court would have to ignore the separate legal structures of the Debtors' limited partnerships and the general partnerships. Mr. Himelrick testified that he designed the organization structure with the objective of shielding the results of one partnership from the others. It is this very structure which prohibits the Court from concluding that Debtors are "affiliates" under the Code. The cases cited by the Debtors do not warrant such a result when considering the issue of venue. While Debtors' argument is novel, it is not supported by cogent authority on the venue issue, nor the plain language of the statute.

The Court finds the case at bar remarkably similar to the facts set forth in In re Sporting Club of Illinois Center, 132 B.R. 792 (Bankr. N.D. Ga. 1991). There, as here, the three individual debtor sports clubs were limited partnerships, whose general partners were controlled by a common trust. All three debtors filed in the Northern District of Georgia. One of the clubs had its principal place of business and assets in Atlanta, Georgia and the Northern District of Georgia was the proper venue for that case. The other two clubs, were limited partnerships organized under the laws of Delaware and Florida and had their principal places of business in Illinois and Florida, respectively. The debtors could not use the test of "affiliate" under §101(2)(B) because limited partnerships are not specifically included under the definition of "corporation" and did not have voting securities. Venue

-7-

was not proper under §101(2)(A) since it is specifically restricted to affiliate corporations. As in the case at bar, the debtors could not fulfill this requirement and the court determined the cases were not properly filed in the Northern District of Georgia.

This Court is not willing to interpret the term "affiliate" as broadly as Debtors herein propose. The Sixth Circuit has stated that the venue requirements of 28 U.S.C. §1408 are mandatory, not optional. <u>Thompson v. Greenwood</u>, 507 F.3d 416 (6th Cir. 2007). When a bankruptcy case is brought in an improper venue, this Court has two options: to dismiss the case or transfer the case to a jurisdiction where the case could have been brought. <u>Id.</u> at 420. The Court agrees with Debtors that the cases should not be dismissed but that it would be in the best interest of all parties to transfer the cases to the United States Bankruptcy Court for the Middle District of Tennessee. Dismissal would only lead to further expense and inconvenience of all the parties.

## <u>CONCLUSION</u>

For all of the above reasons, the Motions to Dismiss for Improper Venue of Creditors Capital Bank, NA and PBI Bank, Inc. are **GRANTED** in part and **DENIED** in part. An Order transferring Case Nos. 12-11676, 12-11677 and 13-10004 accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

IN RE:

| | |
|---|---|
| INVESTORS CAPITAL PARTNERS II, LP | CASE NO. 12-11675 |
| INVESTORS CAPITAL PARTNERS I, LP | CASE NO. 12-11676 |
| INVESTORS LAND PARTNERS II, LP | CASE NO. 12-11677 |
| INVESTORS TOWNE CENTER PARTNERS I, LP | CASE NO. 13-10004 |
| | CHAPTER 11 |

      DEBTORS

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motions to Dismiss for Improper Venue of Creditors Capital Bank, NA and PBI Bank, Inc., be and hereby are, **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Case No. 12-11676 styled <u>Investors Capital Partners I, LP</u>, Case No. 12-11677 styled <u>Investors Land Partners II, LP</u>, and Case No. 13-10004 styled <u>Investors Towne Center Partners I, LP</u> are transferred to the United States Bankruptcy Court for the Middle District of Tennessee.